1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

LUIS RAUL ESPINOSA CISNEROS,       )
                                   )
              Petitioner,          )          Case No. 2:16-cv-00057-GMN-CWH
                                   )
vs.                                )          **EMERGENCY ORDER**
                                   )          **REFERRING CASE TO**
                                   )          **PRO BONO PROGRAM**
MARIANELA SOLIS LOPEZ,             )
                                   )
              Respondent.          )
_____)

This is a case brought under the 1980 Hague Convention on Civil Aspects of International Child Abduction ("Hague Convention") in which Petitioner Luis Raul Espinosa Cisneros alleges his two minor children have been wrongfully taken from their habitual residence of Mexico to Las Vegas, Nevada, by the children's mother, Respondent Marianela Solis Lopez. Petitioner seeks an order compelling the return of the minor children to Mexico, along with various other forms of relief. The ultimate issue before this Court is not who, as between the parents, is best suited to have custody of the children—it is to determine which court has the jurisdiction to determine custody. The Hague Convention requires the expeditious handling of proceedings for the return of children. The Federal Judicial Center provides a litigation guide for Hague Convention return cases, available at http://www.fjc.gov/public/pdf.nsf/lookup/hagueguide.pdf/$file/hagueguide.pdf.

On March 15, 2016, the Court held a case-management conference in which Respondent Marianela Solis Lopez appeared without an attorney. Respondent represented to the Court that she has been unable to retain an attorney because she is unable to pay the requested $10,000.00 retainer fee. Respondent also represented to the Court that return of the children to Mexico could expose them to a grave risk of harm or even death. The Court continued the case-management conference to Wednesday, March 23, 2016, at 3:00 p.m. to attempt to secure an attorney for Respondent. Given that it appears that only limited discovery, if any, will be required, the Court intends to set an

1    evidentiary hearing shortly after next week's case-management conference.

2          Under "exceptional circumstances," the Court may request an attorney to represent a person

3    who is unable to afford an attorney. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991)

4    (quotation omitted); 28 U.S.C. § 1915(e)(1). "A finding of exceptional circumstances requires an

5    evaluation of both the likelihood of success on the merits and the ability of the petitioner to

6    articulate his claims *pro se* in light of the complexity of the issues involved. Neither of these

7    factors is dispositive and both must be viewed together before reaching a decision." *Terrell*, 935

8    F.2d at 1017 (quotation omitted).

9          Given that Respondent has not yet filed an answer to the amended petition for removal, the

10   Court is unable to evaluate the likelihood of success on the merits. Regardless, in light of

11   Respondent's representation that return of the children to Mexico would expose them to a grave

12   risk of harm, it appears Respondent may be able to establish a grave risk defense. Thus, this factor

13   weighs in favor of appointment of an attorney. As for the second factor, given the extreme urgency

14   of this case, the fact that return cases under the Hague Convention present complicated legal,

15   procedural, and logistical issues, and that Respondent does not speak English, the Court finds it

16   will be extremely difficult for Respondent to represent herself in this matter. Additionally,

17   appointment of an attorney is justified as the proceedings "will undoubtedly proceed more

18   efficiently and effectively" if Respondent has an attorney. *Johnson v. California*, 207 F.3d 650,

19   656 (9th Cir. 2000) (per curiam). The Court therefore finds exceptional circumstances exist

20   warranting the appointment of an attorney to represent Respondent.

21         IT IS THEREFORE ORDERED that this case is referred to the Pilot Pro Bono Program

22   adopted in General Order 2014-01 for the purpose of identifying an attorney willing to be appointed

23   as a pro bono attorney for Respondent Marianela Solis Lopez. The scope of the appointment will

24   be for representing Respondent to the conclusion of this case.

25         IT IS FURTHER ORDERED that the Clerk of Court must forward this order to the Pro

26   Bono Liaison.

27   / / /

28   / / /

2

IT IS FURTHER ORDERED that the Court will provide Spanish-language interpreters for all hearings in this case in which Petitioner and/or Respondent will appear.

DATED: March 15, 2016.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**

3