UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| LUIS RAUL ESPINOSA-CISNEROS, | ) | Case No.: 16-cv-00057-GMN-CWH |
| | ) | |
| Petitioner, | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| MARIANELA SOLIS-LOPEZ, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Pending before the Court is the Report and Recommendation, (ECF No. 81), entered by the Honorable Magistrate Judge Carl W. Hoffman on December 14, 2016, denying Petitioner Luis Raul Espinosa-Cisneros's ("Petitioner's") Second Amended Petition for Return of Children to Petitioner, (ECF No. 27), under the Hague Convention on the Civil Aspects of International Child Abduction. Petitioner timely filed his Objection, (ECF No. 82), and Respondent Marianela Solis-Lopez ("Respondent") filed a Response, (ECF No. 88).

**I.    BACKGROUND**

The background of this Petition is described in detail in Judge Hoffman's Report and Recommendation, (R. & R. 2:3–16:8, ECF No. 81). Petitioner filed his Second Amended Petition ("SAP") on March 25, 2016, seeking the return of his two children, AVES and AIES (collectively the "children"), to Mexico because Respondent removed them to the United States. (SAP ¶ 8). The children lived with both parents in Mexico from the time they were born until Respondent left Petitioner on January 31, 2015; Respondent eventually made her way to the United States and arrived on March 17, 2015. (Tr. at 14–15, ECF No. 67); (Tr. at 25, ECF No. 69); (Tr. at 27, ECF No. 68).

Respondent testified that she decided to leave Petitioner with their children because of Petitioner's increasing violence towards her and the children. (Tr. at 23, ECF No. 69). Petitioner did not give Respondent permission to take the children from Mexico and bring them to the United States. (Tr. at 42, ECF No. 67). In an attempt to bring the children back to Mexico with him, Petitioner initiated this case on January 12, 2016. (*See* Mot. for Leave to Proceed *in forma pauperis*, ECF No. 1).

On May 18, 2016, Judge Hoffman held an evidentiary hearing where the oldest child, AVES, and Norton A. Roitman, M.D. ("Dr. Roitman")[1] testified. (ECF No. 52). Dr. Roitman diagnosed AVES with post-traumatic stress disorder ("PTSD") and adjustment disorder with anxiety and depression. (Tr. at 109, ECF No. 68). Dr. Roitman testified that these disorders were caused by AVES being hit by Petitioner and by watching Respondent be hit by Petitioner. (*Id.* at 109–111). Moreover, Dr. Roitman concluded that AVES's PTSD would worsen and she would be subjected to the risk of additional psychological harm if she was returned to Mexico with Petitioner. (*Id.* at 109–11). Petitioner did not present any evidence refuting Dr. Roitman's testimony as to the psychological impact that a return to Mexico would have on AVES. As such, Dr. Roitman's testimony is the only evidence before the Court on whether returning AVES to Mexico with Petitioner would cause her PTSD to worsen.

Based on this evidence, Judge Hoffman recommended that Petitioner met his burden of establishing his case-in-chief for the return of his children by a preponderance of the evidence. (R. & R. 28:9–10, ECF No. 81). However, Judge Hoffman further recommended that "[g]iven the clear and convincing evidence of physical and psychological abuse . . . the [C]ourt finds that returning the children to Mexico would

---

[1] The parties stipulate that Dr. Roitman is an expert in psychiatry. (Tr. at 101–103, ECF no. 68).

pose a grave risk to their physical and psychological well-being." (*Id.* 28:11–13).  Judge Hoffman determined that based on Dr. Roitman's testimony, even if the children were returned to Mexico in the care of a third party, the children would still be subject to a grave risk of psychological harm. (*Id.* 26:19-27).  As such, Judge Hoffman recommended that the SAP for Return of Children to Petitioner be denied. (*Id.* 28:13–14).

## II.     LEGAL STANDARD

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1–4. 28 U.S.C. § 636(b)(1)(B); L.R. IB 3-2.  Upon the filing of such objections, the Court must make a *de novo* determination of those portions of the Report to which objections are made. L.R. IB 3-2(b).  The Court may accept, reject, or modify, in whole or in part, the findings or recommendations of the Magistrate Judge. *Id.*; 28 U.S.C. § 636(b)(1).

## III.    DISCUSSION

In accordance with Local Rule IB 3-2, the Court has conducted a *de novo* review of the Objection, the SAP, the transcripts of the hearings, and the proceedings before Judge Hoffman. L.R. IB 3-2.  Petitioner argues two objections to Judge Hoffman's Report and Recommendation: (1) Judge Hoffman failed to consider a reasonable remedy to permit the children to be returned to Mexico and (2) Respondent did not present clear and convincing evidence that Petitioner was violent toward to the children.  The Court addresses each in turn.

### A. Reasonable Remedy

Petitioner objects to the Report and Recommendation by arguing that Judge Hoffman "failed to fully explore and consider whether a reasonable remedy could be forged to permit the children to be returned to their home jurisdiction." (Obj. 3:7–10, ECF No. 82).  The Ninth Circuit holds that whether children are better off with one

parent over another "is a matter for *custody* determination, and the Hague Convention . . . dictate[s] that custody must be determined by the home jurisdiction . . . *unless the existence of a 'grave risk' truly renders that impossible.*" *Gaudin v. Remis*, 415 F.3d 1028, 1036 (9th Cir. 2005) (emphasis added).

Here, Judge Hoffman addressed the possibility of returning the children to Mexico under a third party's care and cited Dr. Roitman's testimony that "returning AVES to Mexico will exacerbate her PTSD that was caused by being hit and watching her mother be hit." (R. & R. 26:24–26). The Court agrees with Judge Hoffman that the remedy of returning the children to their home jurisdiction in the custody of a third party would subject AVES to "a grave risk of psychological harm." (*Id.* 26:27). Petitioner fails to present the Court with any other potential reasonable remedy other than a third party's custody. (*See* Post Trial Br. 8:4–11, ECF No. 72). As such, because the children would be subjected to a grave risk of psychological harm in returning to Mexico—with either parent or a third party—the Court overrules Petitioner's objection.

### B. Clear and Convincing Evidence

Petitioner argues next that Judge Hoffman erred by finding for Respondent "without proof of clear and convincing evidence that Petitioner was violent, both physically and psychologically toward the children." (Obj. 3:11–13). Based on Dr. Roitman's uncontroverted testimony, however, the Court agrees with Judge Hoffman's determination that there is clear and convincing evidence that "AVES faces a real risk of suffering additional psychological harm if she is returned to Mexico" and "she is at risk of suffering physical harm if she is returned." (R. & R. 27:24–26). The Court therefore overrules this objection.

In light of the foregoing and having conducted a *de novo* review of the proceedings occurring before Judge Hoffman, the Court finds that the Petitioner's Objections are overruled, and the Recommendations of Judge Hoffman are affirmed.[2]

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that Petitioner's Objections, (ECF No. 82), are overruled and Magistrate Judge Carl W. Hoffman's Report and Recommendation denying Petitioner's Second Amended Petition, (ECF No. 81), is **ACCEPTED and ADOPTED in full**.

**IT IS FURTHER ORDERED** that Petitioner's Second Amended Petition for Return of Children to Petitioner, (ECF No. 27), is **DENIED**, including Petitioner's request for attorney's fees and costs.

DATED this __16__ day of March, 2017.

_____
Gloria M. Navarro, Chief Judge
UNITED STATES DISTRICT COURT

---

[2] Judge Hoffman recommended that the SAP be denied as to AIES, AVES's younger sibling, as well. (*See* R. & R. 27:28–28:2); *see also Miltiadous v. Tetervak*, 686 F. Supp. 2d 544, 556 (E.D. Pa. 2010) (declining to separate siblings and finding that the younger sibling who was not suffering from PTSD would be exposed to the same grave risk of harm as the older sibling suffering from PTSD). Based on Dr. Roitman's testimony as to the severity of AVES's PTSD, and based on the facts from the proceedings before Judge Hoffman, the Court accepts Judge Hoffman's recommendation and denies the SAP as to AIES.